906 N.E.2d 931 (2009)
In the Matter of M.D., J.D., and H.D., Children Alleged To Be In Need of Services,
Indiana Department of Child Services, Appellant-Petitioner,
v.
B.D., Mother, and T.D., Father, Appellees-Respondents.
No. 32A01-0812-JV-593.
Court of Appeals of Indiana.
May 29, 2009.
Alexandra D.A. Thomas, Indiana Department of Child Services, Crawfordsville, IN, Robert J. Henke, Indiana Department of Child Services, Indianapolis, IN, Attorneys for Appellant.
William O. Harrington, Betty M. Harrington, Harrington Law, P.C., Danville, IN, Attorneys for Appellees.

*932 OPINION
KIRSCH, Judge.
The Indiana Department of Child Services ("DCS") appeals from the trial court's order dismissing, pursuant to Indiana Trial Rule 41(B), its petitions alleging that M.D., J.D., and H.D. ("the children") were Children in Need of Services ("CHINS"). DCS raises the following restated issues: whether the trial court erred when it dismissed the CHINS petition concerning the children because sufficient evidence existed to support a CHINS finding.
We remand with instructions.

FACTS AND PROCEDURAL HISTORY
B.D. ("Mother") and T.D. ("Father") (collectively "Parents") have three children, H.D. born on August 12, 2002; J.D., born on June 28, 2005; and M.D., born on June 17, 2008. On August 21, 2008, Father took M.D. to daycare in the morning, and Mother picked up the child at around 4:15 p.m. that afternoon. Mother first noticed that M.D. was fussier than usual at around 6:45 p.m., but Mother thought that the heat may have been bothering M.D. as it was a very hot day. M.D. continued to be fussy throughout the weekend. On August 25, 2008, Mother took M.D. to the doctor's office, where it was discovered that M.D. had suffered a broken leg, which was caused by non-accidental trauma. M.D. was then admitted to the hospital, and a referral was made to DCS. DCS took custody of M.D. on August 26, 2008, and CHINS petitions were filed regarding all of the children.
A fact-finding hearing was held on the CHINS petitions on October 22 and 23, 2008. Prior to this hearing, both parties filed motions requesting the trial court, pursuant to Indiana Trial Rule 52(A), to make specific findings of fact and conclusions thereon to support its decision after the fact-finding hearing. At the conclusion of DCS's case during the fact-finding hearing, Parents orally moved to dismiss the CHINS petitions pursuant to Indiana Trial Rule 41(B). After argument by both parties, the trial court granted Parents' motion to dismiss and issued an order dismissing the CHINS petitions on the children without issuing any findings of fact and conclusions. DCS now appeals.

DISCUSSION AND DECISION
DCS argues that the trial court erred when it dismissed the CHINS petitions on the children pursuant to Indiana Trial Rule 41(B) because sufficient evidence was presented to support the petitions. The grant or denial of a motion to dismiss pursuant to Trial Rule 41(B) is reviewed under the clearly erroneous standard. Thornton-Tomasetti Eng'rs v. Indianapolis-Marion County Pub. Library, 851 N.E.2d 1269, 1277 (Ind.Ct.App.2006). In our review of a motion for involuntary dismissal, we do not reweigh the evidence or judge the credibility of the witnesses. Id. We will only reverse if the evidence is not conflicting and points unerringly to a conclusion different from the one reached by the trial court. Id.
Indiana Trial Rule 41(B) states:
After the plaintiff or party with the burden of proof upon an issue, in an action tried by the court without a jury, has completed the presentation of his evidence thereon, the opposing party, without waiving his right to offer evidence in the event the motion is not granted, may move for a dismissal on the ground that upon the weight of the evidence and the law there has been shown no right to relief. The court as trier of the facts may then determine them and render judgment against the plaintiff or may decline to render any judgment until the close of all the evidence. If the court renders judgment on the merits against *933 the plaintiff or party with the burden of proof, the court when requested at the time of the motion by either party shall make findings if, and as required by [Trial] Rule 52(A). Unless the court in its order for dismissal otherwise specifies, a dismissal under this subdivision... operates as an adjudication upon the merits.
Although not raised in either the Appellant's brief or the Appellees' brief, we note that the trial court did not issue specific findings of fact and conclusions thereon when granting Parents' motion for involuntary dismissal. Prior to the fact-finding hearing, both Parents and DCS filed motions requesting specific findings of fact and conclusions thereon, pursuant to Trial Rule 52(A), following the hearing. Appellees' App. at 106, 108. Under Trial Rule 52(A), "[u]pon its own motion, or the written request of any party filed with the court prior to the admission of evidence, the court in all actions tried upon the facts without a jury or with an advisory jury ... shall find the facts specially and state its conclusions thereon." At the fact-finding hearing after DCS presented its evidence, Parents orally moved for involuntary dismissal under Trial Rule 41(B). No further requests for findings and conclusions were made at that time.
Trial Rule 41(B) states that when the trial court renders judgment on the merits against the plaintiff by granting an involuntary dismissal, it shall make findings when requested at the time of the motion. Although the rule is silent as to whether a motion filed prior to the commencement of the hearing is sufficient, we believe that the best practice and policy is for a trial court to issue findings supporting its decision to dismiss when requested to do so prior to a fact-finding hearing even when no subsequent request is made at the time of a motion under Trial Rule 41(B). When a motion for findings and conclusions is made prior to the admission of evidence, it requests the same outcome as a motion made at the time a party moves for involuntary dismissal under Trial Rule 41(B). A motion filed prior to the admission of evidence is requesting that a trial court specifically find the facts that it relies upon in its determination of the merits of the case and to state its conclusions based upon such facts. A Trial Rule 41(B) motion, if granted, concludes a hearing and makes a determination of the case on its merits.
Where, as here, both parties filed motions requesting that the trial court make specific findings and conclusions pursuant to Trial Rule 52(A) when the hearing concludes, we do not believe that requiring the parties to re-file their motions requesting findings at the time that a motion to involuntarily dismiss is made serves any purpose. A motion filed prior to a hearing encompasses the same intent as one filed simultaneously with a Trial Rule 41(B) motion to dismiss, which is to request findings and conclusions to support a trial court's decision on the merits following a fact-finding hearing. Here, the trial court's order dismissing the CHINS petitions on the children pursuant to Trial Rule 41(B) was a disposition of the case on the merits following a fact-finding hearing, and the trial court should have issued specific finding and conclusions to support such determination because it was requested to do so by the parties. We therefore remand this case to the trial court with instructions to issue specific findings and conclusions supporting its determination to dismiss the CHINS petitions.
Remanded with instructions.
RILEY, J., and MATHIAS, J., concur.